**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TRAMAINE JERNIGAN,

      Plaintiff,

  v.                                       No. CV 11-828 JH/CG

LUPE MARTINEZ, et al.,

      Defendants.


**ORDER DENYING MOTION FOR APPOINTED COUNSEL**

**THIS MATTER** comes before the Court on Plaintiff's *Motion for the Appointment of Counsel*, (Doc. 3).  Plaintiff's motion does not explain why he believes the Court should appoint counsel for him; he has merely filed a stock form with no supporting facts or argument. (*Id.*).

While there is no constitutional right to appointed counsel in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." In considering a pro se litigant's request for appointed counsel, the Court considers several factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the complaint, (3) the litigant's ability to cogently present his claims, and (4) the complexity of the legal issues raised in the complaint. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Finally, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.3d 836, 838 (10th Cir. 1985).

Plaintiff is incarcerated at the Guadalupe County Correctional Facility ("GCCF"). His

complaint states that Lupe Martinez, the New Mexico Corrections Secretary, as well as numerous GCCF officials have infringed his First Amendment right to free exercise of his religion. Plaintiff argues that he has been denied a halal diet which will accommodate his Muslim faith. (Doc. 1 at 2). He states that he has been forced to worship with the Nation of Islam, a group which Plaintiff claims does not adhere to orthodox Muslim beliefs. (*Id.* at 4-5). He further claims that a Chaplin at GCCF purposefully destroyed some of his religious materials. (*Id.*).

The legal issues raised in Plaintiff's complaint are not complex and the Court is without sufficient information to judge the merits of Plaintiff's claims at this early stage of the litigation. Upon a review of the complaint, it appears that Plaintiff is capable of cogently presenting his claims. Moreover, Plaintiff's motion does not state any argument or facts which would support the appointment of counsel. For those reasons, the Court finds that Plaintiff has not met his burden.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for the Appointment of Counsel*, (Doc. 3), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE