IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAMAINE JERNIGAN,

    Plaintiff,

  v.                                                    No. CIV 11-0828 JH/CEG

DEPT. OF CORRECTION
CABINET SECRETARY
LUPE MARTINEZ,
CHAPLIN K. OPATZ,
GEO GROUP SENIOR WARDEN
E. BRAVO, R. ULIBARRI,
D. GARNAND, S. GALLEGO,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of four claims for violations of Plaintiff's rights under the First and Fourteenth Amendments.  Plaintiff alleges that certain Defendants have denied him "a religious (Halal) diet," forced him to attend worship services with inmates whose beliefs violate his beliefs, destroyed his religious books, and imposed "stipulations and self made rules to govern the practising of my religion."  For relief, the complaint seeks damages and an injunction.

Plaintiff asserts his factual allegations only against Defendants Opatz and Gallego.  The complaint thus contains no allegations against Defendants Martinez, GEO Group, Bravo, Ulibarri, and Garnand affirmatively linking them to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official or entity may not be based solely on a theory of respondeat superior liability for the actions of subordinates or employees.  *See id.*  The Court will dismiss Plaintiff's claims against Defendants other than Opatz and Gallego.

IT IS THEREFORE ORDERED that Plaintiff's motion for free process (Doc. 8) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Martinez, GEO Group, Bravo, Ulibarri, and Garnand are DISMISSED; and Defendants Martinez, GEO Group, Bravo, Ulibarri, and Garnand are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Opatz and Gallego.

_____
UNITED STATES DISTRICT JUDGE