**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TRAMAINE JERNIGAN,

      Plaintiff,

    v.                                     No. CV 11-828 JH/CG

LUPE MARTINEZ, et al.,

      Defendants.

**<u>ORDER FOR MARTINEZ REPORT</u>**

    **THIS MATTER** comes before the Court, *sua sponte*, for an Order directing Defendants Opatz and Gallego to produce a *Martinez* report. Plaintiff is an inmate incarcerated at the Guadalupe County Correctional Facility ("GCCF"). He claims that K. Opatz, the GCCF chaplain, and Sergio Gallego, the GCCF food services manager, have violated his constitutional rights under the First and Fourteenth Amendments. (Doc. 1 at 3).[1] Specifically, he states that Defendant Gallego refuses to provide him with a "religious (halal) diet" and that he is forced to eat food which violates Islamic dietary law. (*Id.* at 2). He alleges that Chaplain Opatz forces him to worship with the Nation of Islam, a sect to which he does not belong and which he claims does not adhere to the teachings of orthodox Muslims such as himself. (*Id.* at 4). He also claims that Chaplain Opatz purposefully destroyed his Islamic religious materials because Opatz "doesn't believe in my

---

[1] Plaintiff's complaint asserted claims against several other Defendants, including Lupe Martinez, the GEO Group, Warden Ulibarri, D. Garnard, and Erasmo Bravo. (Doc. 1 at 1-3). Judge Herrera dismissed these Defendants in her *Memorandum Opinion and Order* of March 6, 2012. (Doc. 11 at 2). Defendants Opatz and Gallego are the sole remaining Defendants in this action.

faith." (*Id.* at 4). Plaintiff seeks declaratory judgment, punitive and compensatory damages, and injunctive relief. (*Id.* at 7).

Defendants have filed an answer to the complaint but have not filed any dispositive motions. (*See* Doc. 13). Among other defenses, they claim that Plaintiff has failed to exhaust available administrative remedies under the New Mexico Tort Claims Act and Prison Litigation Reform Act. (*Id.* at 5-6).

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED**:

1.       Defendants shall prepare a *Martinez* report addressing the claims raised in Plaintiff's Civil Rights Complaint (Doc. 1) by:

      a.       Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff with regard to the claims that are the subject of his complaint; whether any records or

documents exist pertaining to such claims and, if so, a description of those records and documents and of their contents; and whether any contracts, policies, procedures, protocols, laws or regulations address religious services and the practice of religion at GCCF, and, if so, a description of those contracts, policies, procedures, protocols, laws or regulations and their contents;

> b. Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph a;

> c. Providing affidavits in support of the report, if necessary; and

> d. Providing a copy of the administrative grievance procedure for inmate complaints regarding the practice of religion and religious services that was in effect at the MDC during the time period at issue in Plaintiff's Complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with respect to his claims.

2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

3. All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

4. A complete copy of the report must be filed on the case docket and served on Plaintiff.

5. Defendants shall file and serve the *Martinez* report and any dispositive motions on or before November June 12, 2012.

6. Plaintiff shall file and serve his response to the *Martinez* report and his response to any dispositive motions on or before July 10, 2012.

7. Defendants shall file and serve their replies, if any, to Plaintiff's responses on or before July 27, 2012.

Because the *Martinez* report may be used in deciding whether to grant summary

judgment, either by motion or *sua sponte*, the parties are urged to submit whatever

materials they consider relevant to Plaintiff's claims.


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE