IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAMAINE JERNIGAN,

    Plaintiff,

v.                                                                                    No. CV 11-828 JCH/CG

LUPE MARTINEZ, et al.,

    Defendants.

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** is before the Court, *sua sponte*, to order supplemental briefing on *Defendants' Second Motion for Summary Judgment and Memorandum of Law in Support* ("Motion for Summary Judgment"), filed on July 22, 2013, (Doc. 40). On June 17, 2013, the Court entered an *Order for Supplemental Briefing*, (Doc. 39), in which Defendants were ordered to file a dispositive motion and supporting documentation to assist the Court in determining whether there was a genuine issue of material fact regarding Plaintiff's claims that the denial of a Halal diet violates his First and Fourteenth Amendment rights. (Doc. 39 at 1-2). Defendants filed their Motion for Summary Judgment in response to the Court's Order.

The Court recommended that Defendants' first motion for summary judgment be granted in part and denied in part, (Doc. 29); this recommendation was adopted by United States District Judge Judith Herrera on January 29, 2013. (Doc. 36). In the *Proposed Findings and Recommended Disposition* ("PFRD"), the Court found that, under Tenth Circuit precedent, Plaintiff had met his initial burden of demonstrating that Defendants' conduct in denying him a halal diet substantially burdened his religious practice. (Doc. 29 at 13). As Defendants provided no information as to whether this

burden on Plaintiff's religious practice was legitimately related to penological interests, the analysis ended at the threshold finding of a substantial burden.

In the *Order for Supplemental Briefing*, the parties were directed to provide:

a. Analysis of Plaintiff's First Amendment claims, in light of *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2003); *Abdulhaseeb v. Calbone*, 600 F.3d 1301(10th Cir. 2010); *Turner v. Safley*, 482 U.S. 78 (1987); and other supporting authority;

b. Documentation regarding the various diets offered at the prison, the ingredients of the meals served, and the process and standards used to certify that the diets conform to various religious beliefs;

c. Analysis of Plaintiff's equal protection claims, using supporting authority and specifically whether what meal options are available to inmates who have religious dietary requirements;

d. Supporting documentation, including but not limited to, prison policies regarding religious diets, prison menus and specific lists of ingredients, and records of the numbers of prisoners receiving special diets.

(Doc. 39 at 2).

Although the Court cannot find that Defendants failed to comply with the Court's *Order for Supplemental Briefing*, their Motion for Summary Judgment provides the bare minimum of information requested and does not contain a thorough analysis of Plaintiff's First Amendment claims under the cases cited by the Court, although they re-assert their argument that "Plaintiff's right to exercise his religious rights was not substantially burdened by [Defendants'] religious diet policy." (Doc. 40 at 7). Additionally, Defendants argue that the balancing of the four factors set forth in *Turner* should weigh in their favor, but they do not specifically address each factor. (Doc. 40 at 10).

Defendants are directed to supplement their Motion for Summary Judgment with:

1. **Analysis of whether Plaintiff's right to exercise his religion was substantially burdened by Defendants' refusal to provide him with a halal diet.** Defendants shall provide a thorough analysis of Tenth Circuit jurisprudence regarding whether an individual's First Amendment rights are substantially burdened by a prison's failure to provide him with a Halal or Kosher diet. Defendants should discuss *Abdulhaseeb v. Calbone*, 600 F.3d 1301 (10th Cir. 2010); *Beerheide v. Suthers*, 286 F.3d 1179 (10th Cir. 2003); *LaFevers v. Saffle*, 936 F.3d 1117 (10th Cir. 1991); *McKinley v. Maddox*, No. 11-6263, 2012 WL 3292389 (10th Cir. Aug. 14, 2012) (unpublished); and *Strope v. Cummings*, No. 09-3306, 381 Fed. Appx. 878 (10th Cir. June 9, 2010) (unpublished).

    Defendants shall also discuss how this case is similar or distinguishable from cases regarding religious diets that have been decided in other districts in the Tenth Circuit,[1] such as *Handy v. Diggins*, No. 10-2022, 2013 WL 1302482 (D. Colo. Mar. 29, 2013) (unpublished); *Alamiin v. Miller*, No. 08-1371-F, 2010 WL 3604660 (W.D. Okla. Sept. 9, 2010) (unpublished); *Harvey v. Adams County Sheriff's Office*, No. 05-1090, 2008 WL 2396761 (D. Colo. June 4, 2008); *Smith v. Bruce*, 568 F. Sup. 2d 1277 (D. Kan. 2008); *Caruso v. Zenon*, No. 95-MK-1578, 2005 WL 5957978 (D. Colo. July 25, 2005) (unpublished). To the extent that Defendants cite to authority from other circuits, they must include a thorough analysis of the case and how it may be reconciled with Tenth Circuit precedent.

2. **Comprehensive analysis of Plaintiff's First Amendment claims and the facts in light of *each* of the four factors outlined in *Turner v. Safley*, 482 U.S. 78 (1987).** Analysis should include supporting documentation for each of Defendants' arguments, as well as citations to authority. The Court urges Defendants to review the cases mentioned above for guidance as to the kinds of documentation and information courts consider in balancing the *Turner* factors.

3. **Defendants shall also provide evidentiary support for their contention that a pork-free diet conforms to the requirements of a halal diet.**[2]

---

[1] It may not be necessary for Defendants to address each of these cases, but the Court includes them to direct Defendants to cases that have similar facts and have interpreted Tenth Circuit case law regarding the provision of religious diets in correctional facilities.

[2] The Court encourages Defendants to review the section in the PFRD in which the Court discussed this contention. *See* Doc. 29 at 12-13.

Plaintiff is directed to supplement his briefing with:

1. **A detailed explanation of the requirements of a halal diet.**

2. **A statement clarifying whether he is currently on a vegetarian diet.**

3. **An explanation as to which items offered as part of the general diet that he objects to and why.**

4. **Any responses he has to the information and arguments contained in Defendants' Supplemental Brief.**

The parties are reminded that all of the parties' assertions must be supported by more than "mere speculation" and that "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citations and quotations omitted).

Defendants' supplemental brief, and Plaintiff's response, shall each be limited to fifteen pages. The length of all exhibits to any motion, response, or reply must not exceed fifty pages, unless the parties agree or the Court has granted leave to exceed fifty pages. D.N.M.LR-Civ. 10.5.

**IT IS THEREFORE ORDERED** that:

a. Strictly adhering to the Court's directions above, Defendants shall file and serve their supplemental brief, complete with citations to the record and supporting authority, *on or before December 20, 2013*; and

b. Plaintiff shall file his response to Defendants' supplemental brief *on or before January 10, 2014*.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE